IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIJUANA LASHAWN RICHARDSON §<br>§<br>　　　PLAINTIFF, §<br>§<br>v. §<br>§<br>WALMART STORES TEXAS, LLC, §<br>WALMART, INC. D/B/A WAL-MART §<br>NEIGHBORHOOD MARKET#2976, §    CIVIL ACTION NO. _____<br>WALMART REAL ESTATE §<br>BUSINESS TRUST, WALMART §<br>STORES, INC., JOHN DOE, §<br>INDIVIDUALLY, AND SANDRA §<br>CANTU, INDIVIDUALLY §<br>　　　DEFENDANTS. § | |

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, WAL-MART STORES TEXAS, LLC (improperly named Walmart, Inc. d/b/a Wal-Mart Neighborhood Market #2976, Walmart Real Estate, Walmart Stores, Inc.) ("Defendant"), and files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1332.

### I.

### INTRODUCTION

1. Pursuant to 28 U.S.C. § 1441, et seq., this civil action is removed from the 68th Judicial District Court, Dallas, Texas, where this matter was pending under Cause No. DC-22-07403, in a matter styled *Tijuana Lashawn Richardson v. Wal-Mart Stores Texas, LLC, Walmart, Inc. d/b/a Wal-Mart Neighborhood Market #2976, Walmart Real Estate, Walmart Stores, Inc.* (the "State Court Action").

### II.

## NATURE OF THE SUIT

2. Plaintiff brings this lawsuit under theories of premises liability, negligent training, and gross negligence, based on Plaintiff's alleged personal injury in Defendant's parking lot. *See* Plaintiff's Original Petition, ¶¶18-34. Plaintiff alleges that on or about June 30, 2020, Plaintiff was walking around her vehicle and fell through an open storm drain, causing Plaintiff's injuries. *Id* at ¶15. Defendant timely filed its Original Answer, denying Plaintiff's allegations and asserting its affirmative defenses. *See* Defendant's Original Answer.

### III.

## TIMELINESS OF REMOVAL

3. Plaintiff commenced this lawsuit by filing her Original Petition on June 30, 2022. Defendant Wal-Mart Stores Texas, LLC filed its answer on August 26, 2022. This removal is timely because it is filed within 30 days after Wal-Mart ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446.[1]

### IV.

## BASIS FOR REMOVAL JURISDICTION

5. Removal is proper under 28 U.S.C. §§ 1441 and 1332 because there is complete diversity of citizenship between Plaintiffs and Defendant Wal-Mart Stores Texas, LLC, and the amount in controversy exceeds $75,000, exclusive of interest and costs, as evidenced by Plaintiffs' settlement demand.

6. Plaintiff is domiciled in the state of Texas and therefore citizens of Texas.

7. Plaintiff sued Defendant Wal-Mart Stores Texas, LLC, which is now and was at the time of filing of this action a Delaware Limited Liability Company with its principal place of

---

[1] Per Federal Rule of Civil Procedure 6(a)(1)(C), if the last day of a period falls on a legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

business in Arkansas. The citizenship of an LLC is the same as the citizenship of all of its members. *Harvey v. Grey Wolf Drilling, Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Wal-Mart Real Estate Business Trust is the sole member of Wal-Mart Stores Texas, LLC.

8. Wal-Mart Real Estate Business Trust is a statutory business trust organized under the laws of the State of Delaware with its principal place of business in Arkansas. The citizenship of a statutory trust is the citizenship of its members, which includes its shareholders. *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016); *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 358 (5th Cir. 2017); *U.S. Bank Tr., N.A. v. Dupre*, 615CV0558LEKTWD, 2016 WL 5107123, at *4 (N.D.N.Y. Sept. 20, 2016) (finding that a Delaware statutory trust "seems precisely like the type [of trust] considered by the Supreme Court in *Americold*"). The sole unit/shareholder of Wal-Mart Real Estate Business Trust is Wal-Mart Property Co.

9. A corporation is "'a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quoting 28 U.S.C. § 1332(c)(1)). Wal-Mart Property Co. is an incorporated entity under the laws of the State of Delaware with its principal place of business in Arkansas. Therefore, Wal-Mart Property Co. is a citizen of Delaware and Arkansas. Wal-Mart Property Co. is also a wholly owned subsidiary of Wal-Mart Stores East, LP.

10. Wal-Mart Stores East, LP is a Delaware limited partnership. The citizenship of a limited partnership, for diversity jurisdiction purposes, is based upon the citizenship of each of its partners. *Harvey,* 542 F.3d at 1079. WSE Management, LLC is the general partner of Wal-Mart Stores East, LP, and WSE Investment, LLC is the limited partner. The citizenship of these

LLCs is determined by the citizenship of each of its members. *See id.* at 1080. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (f/k/a Wal-Mart Stores East, Inc.).

11. Wal-Mart Stores East, LLC is a limited liability company formed under the laws of the State of Arkansas and has its principal place of business in Arkansas. The citizenship of an LLC is the same as the citizenship of all of its members. *Id.* The sole member of Wal-Mart Stores East, LLC is Walmart Inc. (f/k/a Wal-Mart Stores, Inc.).

12. Wal-Mart Inc. is an incorporated entity under the laws of the State of Delaware and has its principal place of business in Arkansas. Therefore, Wal-Mart Inc. is a citizen of Delaware and Arkansas. *See MidCap Media Fin., L.L.C.*, 929 F.3d at 314.

13. Accordingly, for diversity purposes, Defendant Wal-Mart Stores Texas, LLC is a citizen of Delaware and Arkansas.

14. Thus, this lawsuit is between citizens of different states, and there is complete diversity of citizenship between Plaintiff and Wal-Mart Stores Texas, LLC pursuant to 28 U.S.C. § 1332.

16. Plaintiff Tijuana Lawshawn Richardson seeks the following: Past and future physical medical expenses; past and future physical pain and suffering, past and future physical impairment; past and future physical disfigurement; and past and future mental anguish and suffering. *See* Plaintiff's Original Petition, ¶35 (a-e).

17. In Plaintiffs' Original Petition, Plaintiffs seek monetary relief of over $200,000 *Id.* at ¶2. Thus, the amount in controversy exceeds the jurisdictional minimum for removal to this Court.

## V.
## IMPROPER/FRAUDULENT JOINDER

18. Plaintiff's claims against Sandra Cantu are improper and only used as an attempt to defeat diversity jurisdiction in this Court. Plaintiff has no valid, independent claim against Sandra Cantu under Texas law and, as such, the Court should disregard Sandra Cantu as a non-diverse defendant.

**A.  Standard of Review**

19. The removing party bears the burden of demonstrating improper joinder. *Travis v. Irby,* 326 F.3d 644, 649 (5th Cir. 2003). Improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R. R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis,* 326 F.3d at 646-47). Under the later method, the court determines whether the plaintiff has *"any possibility of recovery* against the party whose joinder is questioned. If there is arguably a *reasonable basis* for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder. This *possibility, however, must be reasonable,* not merely theoretical." *Travis,* 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F. 3d 305, 312 (5th Cir. 2002)) (emphasis in original) (quotations omitted).

20. A court may resolve this latter issue of whether there is a reasonable possibility of recovery in one of two ways. *Solis v. Wal-Mart Stores East, LP,* 617 F.Supp. 2d 476, 478-79 (S.D. Tex. Nov. 14, 2008) (citing *Smith v. Petsmart Inc.,* No. 06-60497, 278 Fed. App'x 377, 379 (5th Cir. May 15, 2008). The court may conduct at Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. *Smallwood,* 385 F.3d at 573. "A complaint

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Jamarillo v. City of McAllen, Texas*, 306 Fed. App'x 140, 143 (5th Cir. 2009).

### B. Texas Law Concerning Individual Liability for Store Managers

21. In Texas, individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty of care. *Leitch v. Hornsby,* 935 S.W.2d 114, 117 (Tex. 1996). The Supreme Court of Texas held the actions of the individual defendants were actually only the actions of officers on behalf of their employer, and were therefore deemed to be acts of the employer. *Id.* The nondelegable duty was imposed on, *and belonged solely to,* the employer and there were no viable claims against the individual officer. *Id.* (emphasis added). While the *Leitch* holding was based on workplace safety, the Supreme Court of Texas extended its holding to premises liability cases in *Tri v. JTT,* 162 S.W.3d 552, 562 (Tex. 2005).

22. The next year, the Southern District extended it further to apply to negligence claims as well. *See Solis*, 617 F.Supp. 2d at 478. *Solis* concerned a remarkable similar matter – Plaintiff slipped-and-fell in the cereal aisle of a Wal-Mart, injuring himself. *Id*. at 478. He then brought a negligence claim against Walmart and the department manager in charge of the area of incident. *Id*. Walmart removed the case from state court to the Southern District, alleging fraudulent joinder and the plaintiff moved to remand. *Id*. The Court, considering *Leitch* and *Tri*, found that there was no reasonable possibility that a plaintiff could bring a claim under Texas law against a store manager, including department managers, for duties performed within the scope of the employee's duties. *Id*. at 481. As such, the Court denied Plaintiff's motion to remand. *Id*; *see also Kopczynski v. Wal-Mart Stores Tex., LP*, 2011 WL 902237 (S.D. Tex. Mar.

14, 2011) (employee did not owe independent duty to a slip-and-fall plaintiff when the employee did not create the dangerous condition that allegedly caused plaintiff's injury); *Bourne v. Wal-Mart Stores, Inc.*, 582 F.Supp. 2d 828 (E.D. Tex. 2008) (same); *McKinney v. Home Depot, USA, Inc.*, 2006 WL 2947324 (N.D. Tex. Oct. 13, 2006) (same); *Allen v. Home Depot U.S.A., Inc.*, 2004 WL 2270001 (W.D. Tex. Oct. 6, 2004) (same).

  C.  **Plaintiff's Claims Against Cantu**

  23. Plaintiff asserts that all defendants, including Ms. Cantu, failed to keep the premises safe and free from a dangerous condition.  *See* Plaintiff's Original Petition ¶¶ 18-34.

  24. Plaintiff fails to meet the pleading requirements as her claims against Cantu relate solely to her actions or inactions related to his scope of work on behalf of Wal-Mart as plead by Plaintiff.  *See id*. at ¶ 9.  Plaintiff's entire basis for her negligence claims against Cantu is premised on her position as the manager of this particular Wal-Mart store.  *Id*.  Plaintiff never alleges that Cantu created the condition that lead to Plaintiff's slip and fall.  *See generally id*.  This singular threadbare allegation of her job title is not enough to make a presumption that Cantu negligently created the dangerous condition.  *See Ashcroft v. Iqbal*, 556 U.S. 662 67 (2009) (regarding facial plausible claims, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").  There is no independent claim or cause of action against Cantu, and Cantu owes no duty that is separate and apart from Wal-Mart's alleged duty to Plaintiff.

  25. Since the petition fails to state claims against Cantu upon which relief may be granted, Cantu is an improperly joined party and should be dismissed.  As such, this Court should disregard Cantu as a party to this lawsuit in regard to the diversity of Plaintiff.

  26. Therefore, based on *Leitch*, *Tri*, and their progeny*,* there is no reasonable

possibility that a plaintiff can bring a claim under Texas law against Cantu for duties performed within the scope of the employee's duties. *See Solis,* at 7.

27. Because there is no reasonable possibility that the Plaintiff in the instant matter can recover from Defendant Cantu, *i.e.*, there is no independent duty of reasonable care, her joinder in this action is improper. As such, this Court should dismiss and/or disregard Cantu as a party to this lawsuit and retain jurisdiction in this matter based on the diversity of Plaintiff and Defendant Wal-Mart.

## VI.

## THIS NOTICE IS PROCEDURALLY CORRECT

28. Based on the aforementioned facts, the State Court Action may be removed to this Court by Defendant Wal-Mart Stores Texas, LLC in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Northern District of Texas; (ii) this action is between citizens of different states; and (iii) to Defendant's knowledge and belief the amount in controversy exceeds $75,000, exclusive of interest and costs.

29. Defendant has attached to this Notice of Removal the documents required by 28 U.S.C. § 1446(a) as follows:

      A.    Docket Sheet in the State Court Action;
      B.    Index of all documents filed in the State Court Action;
      C.    Copies of all process, pleadings and orders filed in State Court;

30. Defendant is also filing a completed Civil Cover Sheet, Supplemental Cover Sheet, and Certificate of Interested Persons with this Notice of Removal.

31. Defendant retains the right to supplement the jurisdictional allegations by affidavit, declaration, or otherwise should Plaintiffs challenge the allegations in a motion to

remand or other filing.

32. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to all parties and to the Clerk of the 68th District Court, Dallas County, Texas, where this matter was pending under Cause No. Cause No. DC-22-07403, in a matter styled *Tijuana Lashawn Richardson v. Wal-Mart Stores Texas, LLC, Walmart, Inc. d/b/a Wal-Mart Neighborhood Market #2976, Walmart Real Estate, Walmart Stores, Inc.*

33. A jury trial has been demanded in the State Court Action by Plaintiff and Defendant.

34. Trial has not commenced in the 68th District Court, Dallas County, Texas.

## VII.

## CONCLUSION

35. Because diversity jurisdiction exists over Plaintiffs' claim as set forth in Plaintiffs' Original Petition, Defendant desires and is entitled to remove the lawsuit filed in the 68th District Court, Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Wal-Mart Stores Texas, LLC files this Notice of Removal pursuant to and in conformance with the statutory requirements, and removes this action from the 68th District Court of Dallas County, Texas.

**FURTHER**, Defendant prays that Plaintiff take nothing by this suit against Defendant, that Defendant be discharged, and that the Court grant such other and further relief, both general and special, at law and in equity to which Defendant may be justly entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By:   */s/ Derek S. Davis*
    **DEREK S. DAVIS**
    Texas Bar No. 00793591
    Email:  Derek.Davis@CooperScully.com
    **JAMES KURITZKES**
    Texas Bar No. 24120956
    Email:  James.Kuritzkes@CooperScully.com

900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Facsimile:  (214) 712-9540

**ATTORNEYS FOR DEFENDANT**
**WAL-MART STORES TEXAS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record named below, *via* facsimile, certified mail/return receipt request, electronic mail, and/or e-service on this 31st day of August, 2022.

**Daniel W. Ray**
State Bar No. 24046685
daniel@scottraylaw.com
**Markus A. Goll**
State Bar No. 24089640
mark@scottraylaw.com
SCOTT, RAY, PEMBERTON & GOLL, PLLC
2608 Stonewall Street
P.O. Box 1353
Greenville, Texas 75403-1353
(903) 454-0044 Telephone
(903) 454- 1514 Facsimile
**ATTORNEY FOR PLAINTIFF**

    */s/ Derek S. Davis*
    **DEREK S. DAVIS**